UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| SHAWN GRAHAM and<br>MICHELLE GRAHAM | )<br>)<br>) | |
| Plaintiffs,<br>v. | )<br>)<br>)<br>) | Case No. 1:10-cv-20<br>Judge Edgar |
| SEQUATCHIE COUNTY GOVERNMENT,<br>ET AL., | )<br>)<br>)<br>) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

On January 29, 2010, plaintiffs Shawn Graham and Michelle Graham filed their complaint. Plaintiffs bring suit against defendants Jason Ladd and Jim Roberson, two United States Deputy Marshals, in their individual capacities. The complaint makes allegations and claims against defendants Ladd and Roberson concerning actions occurring in connection with the performance of their official duties as officers and employees of the United States government.

Fed. R. Civ. P. 4(i)(3) provides: "To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." To serve process on defendants Ladd and Roberson, Fed. R. Civ. P. 4(i)(3) requires the plaintiffs to effect service on Ladd and Roberson individually, and also effect service of process on the United States in accordance with the procedure set forth in Rule 4(i)(1). *Kurzberg v. Ashcroft*,

1

619 F.3d 176, 184 (2nd Cir. 2010); *Yaodi Hu v. Park National Bank*, 333 Fed. Appx. 87, 89 (7th Cir. 2009); *Aikman v. County of Westchester*, 691 F. Supp.2d 496, 499 (S.D.N.Y. 2010); *Williams v. Witsell*, 2008 WL 5120904 (E.D. Tenn. Dec. 3, 2008); *Eckwortzel v. Crossman*, 561 F. Supp.2d 1144, 1152 (D. Idaho 2008).

Plaintiffs filed returns and proof of service showing that their attorney, John M. Wolfe, Jr., effected service of process on defendants Ladd and Roberson individually on May 25, 2010. [Doc. Nos. 11, 12]. There is nothing in the court record showing that the plaintiffs timely effected service of process on the United States as required by Fed. R. Civ. P. 4(i)(3) and (m).

The plaintiffs' claims against defendants Ladd and Roberson have been dormant since May 25, 2010. After being individually served with process, defendants Ladd and Roberson have not entered their appearance in this civil action, and they have not answered or otherwise responded to the plaintiffs' complaint. Defendants Ladd and Roberson are not in default because there is insufficient service of process. Pursuant to Fed. R. Civ. P. 12(a)(3) defendants Ladd and Roberson are not required to answer or otherwise plead in response to the complaint until 60 days after the plaintiffs effect service of process on the United States as required by Fed. R. Civ. P. 4(i)(3).

The trial in this case is scheduled to commence on April 26, 2011. It is not clear whether the plaintiffs intend to either pursue or abandon their claims against defendants Ladd and Roberson.

Fed. R. Civ. P. 4(i)(4)(B) provides that the Court must allow a party a reasonable time to cure its failure to serve the United States with process under Rule 4(i)(3) if the party has served the United States officer or employee. The record does not reflect whether the deficiency of lack of service of process on the United States was brought to the attention of the plaintiffs or their counsel

2

by a defendant or counsel for the United States. The reasonable time to cure may start to run under Rule 4(i)(4)(B) when the Court, a defendant, or the United States gives notice to the plaintiffs. To determine whether the plaintiffs have had a reasonable time to cure the lack of service of process on the United States, the "cure provision" in Rule 4(i)(4)(B) may be triggered and the clock starts to run if the plaintiffs receive notice of the deficiency from a defendant or the United States. If a defendant or the United States notified the plaintiffs or plaintiffs' counsel about the deficiency and the need to serve the United States with process under Rule 4(i)(3), it would start the clock running on the reasonable time that the plaintiffs are afforded under Rule 4(i)(4)(B) to cure the defect in service. *Kurzberg*, 619 F.3d at 183-86.

The Court construes and applies Rule 4(i)(4)(B) in conjunction with Fed. R. Civ. P. 4(m). *Williams*, 2008 WL 5120904, at * 2. Rule 4(m) provides that if a defendant is not served with process within 120 days after the complaint is filed, the Court must either dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure to effect service of process within the 120-day time limit, the Court must extend the time for service for an appropriate period.

Plaintiffs failed to effect service of process on the United States within the 120-day time limit provided in Fed. R. Civ. 4(m). Accordingly, on or before March 9, 2011, plaintiffs shall file a response and show good cause why the plaintiff's claims and causes of action brought against defendants Jason Ladd and Jim Roberson in their individual capacities should not be dismissed without prejudice pursuant to Rule 4(m) for failure to timely effect service of process on the United States of America as required by Fed. R. Civ. P. 4(i)(3). *Williams*, 2008 WL 5120904; *see also Yaodi Hu*, 333 Fed. Appx. at 89.

In their response to this show cause order, plaintiffs and their counsel shall advise the Court and state for the record whether they have previously been given oral or written notice by any defendant or the United States that the plaintiffs are required to effect service of process on the United States. Fed. R. Civ. P. 4(i)(3). If the plaintiffs were so notified, then the plaintiffs shall further advise the Court and state for the record the date or dates when they received such notice and identify the defendant, attorney, or person who gave such notice to the plaintiffs or plaintiffs' counsel.

The Court hereby gives notice to the plaintiffs that if they do not file a response to this show cause order by the deadline of March 9, 2011, all claims against defendants Jason Ladd and Jim Roberson may be dismissed without prejudice pursuant to Rule 4(m).

SO ORDERED.

ENTERED this 28th day of February, 2011.

                                        */s/ R. Allan Edgar*
                                        R. ALLAN EDGAR
                                  UNITED STATES DISTRICT JUDGE